This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 32,799**

**JULIO VALDEZ,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Mary McCleary
Los Lunas, NM

for Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1} Defendant-Appellant Julio Valdez (Defendant) has appealed his conviction for DWI (first offense). We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we uphold the conviction.

{2} On appeal Defendant contends that he received ineffective assistance of counsel. Because we outlined the applicable standards and discussed the particulars of this case at length in the notice of proposed summary disposition, we will not reiterate it here. Instead, we will focus on the content of the memorandum in opposition.

{3} Defendant continues to assert that trial counsel's proffer of a prescription bottle, without reading its label, was unreasonable and prejudiced his defense. [MIO 1-4] However, as we previously observed, the introduction of the bottle appears to fall within the ambit of trial strategy, insofar as it tended to support Defendant's assertion that he had taken a prescription medication, the effects of which he did not believe he was feeling at the time of driving. [DS 2-4] Defendant asserts that such strategic value constituted "dumb luck," [MIO 2] and further suggests that any support that the bottle may have supplied to Defendant's assertions must have been outweighed by its prejudicial effect. [MIO 3-4] However, as we observed in the notice of proposed summary disposition, we cannot second-guess strategic matters. *See generally Lytle*

*v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (stating that on appeal, we will not second guess the trial strategy and tactics of the defense counsel).

{4}    We also briefly acknowledge Defendant's suggestion that trial counsel's approach to cross-examination constituted ineffective assistance, insofar as it led the arresting officer to comment that he was a drug-recognition expert (DRE), and to offer his opinions about the probable effect of Defendant's consumption of Ambien and alcohol. [DS 2-3] However, insofar as the officer's comment about his DRE status appears to have been spontaneous, [DS 3] we do not believe this suggests unreasonable conduct on the part of trial counsel.  We further note that trial counsel may have elicited the testimony about Ambien's status as a non-narcotic sleep aid [DS 2-3] for the strategic purpose of diminishing concerns that the finder of fact may have had about the nature of the drug, particularly in light of the fact that testimony had already been presented indicating that Defendant had admitted to taking an Ambien prior to driving. [DS 2]   While the presentation of this evidence may ultimately have redounded to the detriment of the defense, this does not take it outside the realm of reasonable trial strategy.  *See generally State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057 (observing in this context that "any 'sound' trial tactic or strategy withstands review").

**{5}** Moreover, even if defense counsel's conduct was objectively unreasonable, we remain unpersuaded by Defendant's assertions of prejudice. In this context, "generalized prejudice is insufficient. . . . A defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 (internal quotation marks and citations omitted). In this case, given the testimony about erratic driving and the various indicia of intoxication observed by the arresting officer, together with Defendant's apparent inability to perform field sobriety tests, his BAC content of .07, and his admission to drinking and taking a sedative prior to driving, [RP 64-65] we do not believe more prudent or effective performance by counsel would have had any impact on the result. *See, e.g., State v. Nevarez*, 2010-NMCA-049, ¶¶ 33-36, 148 N.M. 820, 242 P.3d 387 (upholding the sufficiency of the evidence to support a conviction for driving while impaired to the slightest degree, based on testimony that the defendant drove his vehicle at a high rate of speed, had bloodshot watery eyes, smelled of alcohol, admitted to having consumed alcohol, and failed to satisfactorily perform field sobriety tests); *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery

eyes, smelled of alcohol, and slurred speech); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

{6}     Finally, Defendant suggests that the case of *State v Aragon*, 2009-NMCA-102, ¶¶ 9-15, 147 N.M. 26, 29-30, supports his claim of ineffective assistance. [MIO 2-3] However, *Aragon* dealt with a situation in which consultation with an expert was necessary to understand the nature of the State's evidence and to prepare an adequate defense. *Id.* ¶¶ 15, 17. This case is not analogous.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**RODERICK T. KENNEDY, Chief Judge**

**LINDA M. VANZI, Judge**

5